12-4954
Chen v. Holder

BIA
A099 938 815

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

QIN CHEN,
> *Petitioner,*

v.                                              12-4954

                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart Delery, Assistant Attorney
                       General; Keith I. McManus, Senior
                       Litigation Counsel; Tracie N. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qin Chen, a native and citizen of China, seeks review of a November 30, 2012, decision of the BIA denying her motion to remand. *In re Qin Chen,* No. A099 938 815 (B.I.A. Nov. 30, 2012). We assume the parties' familiarity with the case.

We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). A motion to remand based on new evidence is subject to the same substantive standards as motions to reopen. *Id*. at 157. Accordingly, remand "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion in denying Chen's motion to remand, as Chen failed to establish *prima facie* eligibility for asylum. To establish eligibility for asylum, an applicant like Chen, who does not rely on past

2

persecution, must demonstrate a well-founded fear of future persecution. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

Contrary to Chen's claim, the agency did not err in declining to give probative weight to the new evidence she submitted in support of her motion to remand. The agency reasonably determined that the evidence, which included, *inter alia*, an unsigned village notice, photographs of her practicing Falun Gong in the United States, a letter from her father, a 2007 State Department report, and various news articles, did not demonstrate that Chinese officials knew of or were likely become aware of her activities in the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Chen's claim that remand is warranted based on the absence from the record of the full translated text of her father's letter also lacks merit.  Although the missing page may call into question some of the BIA's findings, we generally will not remand to the BIA for consideration of evidence not in the record as the statute and regulations provide for motions for reconsideration and reopening to consider either allegations of error in an agency decision or new evidence.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4